UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | No. 1:22-CR-00174-DII |
| | § | |
| (1) RANDY VILLAREAL-MENDOZA, | § § § | |
| *Defendant* | § | |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, here, illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326;

- the weight of the evidence against the person, namely, that Defendant had been previously deported and that he came into federal custody here in the United States after reentering the country without permission;

- the history and characteristics of the person, including mental health issues, lack of legitimate employment (or ability to obtain it), and his

1

- criminal history, which includes convictions for evading arrest and a recent violent burglary of a habitation; and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, in particular, the violent nature of the incident that gave rise to his most recent (fewer than two years ago) conviction and incarceration, in which he invaded a home and assaulted an individual with a knife.

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED June 15, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE